UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 9-470-B-W |
| | ) |
| TIMOTHY A. YORK, | ) |
| | ) |
|     Defendant | ) |

**RECOMMENDED DECISION**

According to the complaint filed by the United States in February 1992 Timothy A. York executed two promissory notes for student loans, one in the amount of $2,500 and one in the amount of $2,625. The United States brought suit in this court on September 25, 2009, more than seventeen years after York first incurred these obligations, seeking to enforce the promissory notes. York answered the complaint, questioning whether the loans in fact ever existed and challenging the authenticity of his signature on the loan documents. The United States has now moved for summary judgment and York has responded, albeit not in conformity with District of Maine Local Rule 56, essentially admitting that his signature appears on the "loan" documents, but contending that someone else filled out the loan application, the bank was not involved in the transaction, he never received the proof of the loan guarantee and disclosure, and that he was still attending school at the time of the default. I now recommend that the court grant the United States' motion.

**Summary Judgment Standard**

"Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant[s are] entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). I draw

all reasonable inferences in favor of York, but where he bears the burden of proof, he "'must present definite, competent evidence' from which a reasonable jury could find in [his] favor." United States v. Union Bank For Sav. & Inv. (Jordan), 487 F.3d 8, 17 (1st Cir. 2007) (quoting United States v. One Parcel of Real Prop., 960 F.2d 200, 204 (1st Cir. 1992)). York cannot defeat summary judgment by relying on "conclusory allegations, or rank speculation." Mariani-Colon v. Dep't of Homeland Sec., 511 F.3d 216, 224 (1st Cir. 2007) (quoting Fontánez-Núñez v. Janssen Ortho LLC, 447 F.3d 50, 55 (1st Cir. 2006)).

The District of Maine has a local rule pertaining to summary judgment. District of Maine Local Rule 56 as relevant provides:

> **(c) Opposing Statement of Material Facts.** A party opposing a motion for summary judgment shall submit with its opposition a separate, short, and concise statement of material facts. The opposing statement shall admit, deny or qualify the facts by reference to each numbered paragraph of the moving party's statement of material facts and unless a fact is admitted, shall support each denial or qualification by a record citation as required by this rule. Each such statement shall begin with the designation "Admitted," "Denied," or "Qualified" and, in the case of an admission, shall end with such designation. The opposing statement may contain in a separately titled section additional facts, each set forth in a separately numbered paragraph(s) and supported by a record citation as required by subsection (f) of this rule.
> ….
> **(f) Statement of Facts Deemed Admitted Unless Properly Controverted; Specific Record of Citations Required.** Facts contained in a supporting or opposing statement of material facts, if supported by record citations as required by this rule, shall be deemed admitted unless properly controverted. An assertion of fact set forth in a statement of material facts shall be followed by a citation to the specific page or paragraph of identified record material supporting the assertion. The court may disregard any statement of fact not supported by a specific citation to record material properly considered on summary judgment. The court shall have no independent duty to search or consider any part of the record not specifically referenced in the parties' separate statement of facts.

Dist. Me. Loc. R. 56(c),(f).

In responding to the motion for summary judgment York has filed a "Certification of Timothy A. York, in response to statement of facts and summary of motion" and a notice

referencing the exhibits previously filed with his answer. There is no responsive statement of facts that responds paragraph-by-paragraph to the United States' statement of facts. Although his certification contains factual assertions, it is not signed under oath or penalty of perjury, and there is no statement of additional facts supported by record citation. York's three exhibits filed with his answer include a copy of an application and promissory note for a student loan, bearing what appears as York's signature, dated February 13, 1992, labeled Government Exhibit A, an application and promissory note for a Stafford loan in the principal amount of $2,625, labeled as Government Exhibit C, and a Certificate of Indebtedness in the amount of $4,808.87, as of November 28, 2006, labeled as Government Exhibit B. All of these exhibits were submitted by the United States in support of the complaint and are cited by the United States in support of its summary judgment motion.[1] The authenticity of these documents does not appear to be in dispute. Clearly, York has not complied with this district's local rule. The United States in its reply memorandum argues that York's effort is insufficient to defeat summary judgment. Nevertheless the United States has attempted to respond to some of the factual assertions in York's certification.

In <u>Demmons v. Tritch</u>, 484 F. Supp. 2d 177 (D. Me. 2007) this Court addressed a summary judgment record in which the <u>pro se</u> plaintiff failed to respond at all to the summary judgment motion prior to the issuance of my recommended decision. This Court discussed the "fair notice" rule for <u>pro se</u> litigants and proceeded by weighing the facts in the plaintiff's verified complaint, concluding: "Taken as a whole, including the facts in the verified complaint, the record does not support a claim of deliberate indifference, even when viewed in the light

---

[1] Neither the electronic copies filed by the United States nor the paper copies filed by York were legible as they pertained to the printed form material above York's signature which was described as the promissory note. In response to my order (Doc. No. 12) the United States has now produced legible electronic copies of the documents. (Doc. No. 15).

most favorable to Mr. Demmons." Id. at 185.  In this case York's answer contains a certification that the statements in the answer are true, although the certification is not under oath nor does it conform to the 28 U.S.C § 1746 statutory alternative to the oath. In my discussion I have tried to address the factual allegations made by York, to the extent they are pertinent to this motion. However, it should be noted that factual allegations in the answer relating to Northeast Career School's closure in 1998, its failure to fulfill its obligation to place York after he completed the truck driving course, and his hearsay allegation that the school itself was being investigated for misappropriation of funds are not addressed because those allegations are not part of the summary judgment record between York and the United States of America.  These allegations are nothing more than "rank speculation" and, even if true, would not generate a trial-worthy dispute of material fact between these two parties.

## Facts

On February 13, 1992, Timothy A. York executed a promissory note[2] in the amount of $2,500 to secure a loan under the loan guaranty program authorized under Title IVB of the Higher Education Act of 1965, as amended, 20 U.S.C. Section 1071, et seq.  (Loan Application and Promissory Note at 1; Docket #1-1) (Certificate of Indebtedness at 1; Docket #1-2).  On April 30, 1992, York defaulted on the terms of the note.  On July 20, 2000, the note was assigned to the U.S. Department of Education.  As of November 28, 2006, York is indebted to the U.S. Department of Education in the principal amount of $2,387.33, and interest in the amount of $2,421.54, for a total amount due of $4,808.87.  Interest is accrued, as of November 28, 2006, at the rate of 8.49% per annum through June 30, 2007, and is now accruing at such a rate as the Department establishes, until the date of judgment.  There has been no payment credited by any

---

[2]     The promissory note itself is part of the loan application documents. Because the electronic and paper initial copies of the note filed with the complaint and with defendant's answer were illegible, I ordered the United States to produce a legible copy of the actual promissory note.

source on this loan.  (Certificate of Indebtedness at 1; Doc. No. 1-2).  The defendant is not asserting that he is in the military service of the United States or that he is an infant or a mentally incompetent person.  (Answer; Docket #5.)

Also on February 13, 1992, York executed a promissory note in the amount of $2,625 to secure a loan under the loan guaranty program authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. Section 1071, et seq.  (Loan Application and Promissory Note at 1; Docket #1-3)(Certificate of Indebtedness at 1; Docket #1-4).  On March 28, 1994, York defaulted upon the terms of the note. On July 20, 2000, the note was assigned to the U.S. Department of Education.  As of November 28, 2006, York is indebted to the U.S. Department of Education on this note in the principal amount of $3,128.56, and interest in the amount of $3,164.58, for a total amount due of $6,293.14.  Interest is accrued from November 28, 2006, at the rate of 8.0% per annum through June 30, 2007, and thereafter at such a rate as the Department establishes, until the date of judgment.  No payments have been credited to this loan obligation.  (Certificate of Indebtedness at 1; Doc. No. 1-4).

In his responsive certification York admits that on February 13, 1992, he signed several applications for loans and grants.  In spite of the plain language of United States Exhibits A and C, York disputes that these documents are promissory notes.  He contends that although he signed the documents, they were actually filled out by Donna Ash and signed and dated on March 14, 1992.[3]  York claims he was still attending school at the time of the alleged default. He also notes that he has requested a copy of the loan guarantee and disclosure but the United States has not complied with this request.  In his answer York relates that, although he has resided at the same address for thirteen years, he has "never received anything from Fleet Bank,

---

[3]     Actually, Government Exhibit A is signed and dated by Ms. Ash on March 16, 1992.  Exhibit C carries the referenced March 14th date.

Northeast Career School, or The Department of Education, San Francisco, California."[4] (Certified Answer, ¶ 8.)  York notes that the application and promissory notes filed by the United States were never completed by Fleet Bank and he queries whether the loans even ever existed. (Id. ¶ 9).

The United States, in an effort at mollifying York's objections, has provided copies of the Notice of Loan Guarantee and Disclosure statements from the Finance Authority of Maine for both of the loans with its reply memorandum.  The Notice of Default for the $2,500 loan is also included with the supplemental materials.  That notice is signed by a loan officer from Fleet Bank of Maine.

## Discussion

The United States establishes "'a prima facie case that it is entitled to collect on a promissory note when it introduces the promissory note and a certificate of indebtedness signed under penalty of perjury by a loan analyst.'" United States v. Emanuel, Civ. No. 09-185-SM, 2009 WL 4884482 *2, (D.N.H.  Dec. 10, 2009) (quoting Guillermety v. Sec'y of Educ., 341 F.Supp.2d, 682, 688 (E.D.Mich. 2003)).  In this case the United States has introduced the two promissory notes and two certificates of indebtedness, thereby meeting its prima facie burden.

"Once such a prima facie case is established, defendant has the burden of proving the nonexistence, extinguishment or variance in payment of the obligation." United States v. Petroff-Kline, 557 F.3d 285, 290 (6th Cir. 2009).  Apparently it is York's contention that this obligation never existed because the lender, Fleet Bank, did not complete either of the applications and, therefore, there is no proof the money actually changed hands.  This speculation -- and it is nothing more than rank speculation -- does not trump the Certificates of

---

[4] Notably absent from his list is the Finance Authority of Maine, the guarantor of the loans and the guaranty agency that is certified in both Certificates of Indebtedness as the party that attempted to collect the debt from the borrower.  (Docket # 1-2, 1-4).

Indebtedness submitted under penalty of perjury. "To recover on a promissory note the government must first make a prima facie showing that (1) the defendant signed it, (2) the government is the present owner or holder and (3) the note is in default." Id. (citing United States v. MacDonald, No. 93-1924, 1994 WL 194248, at *2 (6th Cir. May 16, 1994) (per curiam) and United States v. Lawrence, 276 F.3d 193, 197 (5th Cir.2001)). "For that purpose the government may introduce evidence of the note and a sworn transcript of the account or certificate of indebtedness." Id. (citing United States v. Davis, 28 Fed. Appx. 502, 503 (6th Cir. 2002)). York's "theory" that this obligation never existed does not hold up in the face of the actual evidence produced by the United States.

York's factual showing does not generate a trial-worthy issue as to whether or not he actually signed the promissory notes. He admits that he did sign a number of loan applications. Although he disputes that those loan applications were promissory notes, the documents he signed were clearly promissory notes and merely saying he disagreed does not create a trial-worthy issue.

**Conclusion**

Based upon the undisputed summary judgment record, I recommend that the United States' motion be granted and that judgment be entered as requested.

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

May 5, 2010.